**Richard JIMENEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–81–00083–CR.

Court of Appeals of Texas,
San Antonio.

May 5, 1982.

Discretionary Review Granted
Sept. 15, 1982.

Kent McDougall, Allan R. Manka, San Antonio, for appellant.

Bill White, Dist. Atty., Linda S. McDonald, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CLARK, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a jury conviction for attempted capital murder. The court sentenced appellant, with punishment enhanced by a prior conviction, to ninety-nine (99) years' imprisonment. We affirm the judgment.

In his first ground of error appellant alleges that the trial court erred by not discharging the jury panel because of the following comment of the prosecutor during voir dire of the panel.

"If you think of something that we do not prove that you would have liked to have heard proven, you might remember that we are playing by the rules set out in the Penal Code and the Code of Criminal Procedure. We have to be governed by those rules. Please follow them care-

fully. Many times a juror will say, 'Did the defendant have a criminal record? Did you—why didn't you tell us about that?' or, 'What is that all about?' Ladies and Gentlemen, as a general rule, the only time that the State is allowed to bring up criminal records of the defendant is at the punishment phase of the trial."

Appellant's counsel objected generally that the statement "tainted the jury." The court overruled the objection but instructed the panel that the jury would take testimony only from the witness stand and the attorneys' statements were not to be taken as evidence. The court overruled a motion to dismiss the jury panel.

Appellant contends that the above statement constituted an assertion by the State that appellant had a prior criminal record. In *Cadd v. State*, 587 S.W.2d 736, 738 (Tex. Cr.App.1979) (*en banc*) the prosecutor made the following statement on voir dire examination:

And it may become your responsibility to assess a penalty against an individual, again assuming you have found him guilty of the offense as charged.

Likewise, at that stage of the proceedings you may or may not, under appropriate circumstances, get to hear evidence about the reputation of the accused. There may also be evidence about a prior criminal record, assuming that it is an individual who has one.

The court found no error in the challenged statement in that it did not inform the panel that the particular defendant on trial had a prior criminal record and found that the statement was a correct explanation of Tex.Code Crim.Pro.Ann. art. 37.07 (Vernon 1974). In citing *Woods v. State*, 569 S.W.2d 901 (Tex.Cr.App.1978), the court found that the prosecutor's statement did not indicate that the defendant had a prior criminal record which could be considered during the punishment phase. The comment was construed to be proper and within the scope of the voir dire examination.

Appellant's reliance upon *Stearn v. State*, 487 S.W.2d 734 (Tex.Cr.App.1972) is mis-placed in that it addresses jury *argument*, not voir dire, and the comment made there actually did indicate there was inadmissible evidence which would justify a finding of guilt against that particular defendant.

We further note the following colloquy in the record before us occurring later during voir dire:

THE COURT: I want it in the record. Do you want a new panel? (A jury had not yet been obtained; however the court was concerned that several on the panel might be excused.)

MR. TAKAS (Defense): Yes, I do.

MR. ROUSH (Defense): We will go with this panel.

THE COURT: You have two of them that say they have made up their minds, that they couldn't be fair and impartial. I am taking these precautions for his sake.

MR. HAMPTON: He can challenge for cause.

MR. TAKAS: We would go through all of this, and we still wouldn't have a jury.

THE COURT: I am looking at it from his point of view . . . .

MR. ROUSH: . . . . we will select from this present jury panel.

THE COURT: You want this present jury panel?

MR. JIMENEZ: Uh huh. Sure.

MR. TAKAS: He said he wants to stay with it.

THE COURT: Do I understand you correctly there, Mr. Jimenez?

MR. JIMENEZ: Yes, Your Honor.

Because of the number of prospective jurors who were excused for cause, five additional veniremen were brought into the courtroom later in the proceedings, and a jury was selected.

We conclude, in view of the record, that any predicament in which appellant may have found himself with this jury panel may have been of his own making. We

hold that acceptance of the panel waived any claimed error. No error is shown.[1]

■ In his second ground of error appellant argues that because of his parole status at the time of trial, the trial court lacked authority to cumulate the two sentences. Tex.Code Crim.Pro.Ann. art. 42.08 (Vernon 1979) provides:

When the defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has *ceased to operate*, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly. (Emphasis added.)

Appellant maintains that a defendant must be in physical confinement as a result of the prior conviction before he may be ordered to serve a second consecutive sentence. We disagree and find that art. 42.08 permitted the judge to order cumulative sentences, at his discretion, when the punishment had been assessed in both cases as confinement for a term of imprisonment.

The record reflects that the punishment in cause number 65573, a conviction for murder with malice in the 175th District Court of Bexar County, had been assessed at confinement in the Department of Corrections, and the judgment and sentence pronounced in that case were still in effect after appellant's parole. When appellant was placed on parole status for that conviction, he was not discharged from the judgment and sentence.[2] Parole is essentially a constructive confinement. Release from prison for rehabilitation purposes does not mean release from the operation of the judgment and sentence in that cause. We hold that the trial court had the authority to order the cumulation of sentences in this case.

1. The use in the concurring opinion of *Berger v. United States*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935) to administer a judicial reprimand seems singularly inappropriate to these facts. *Berger*, a conspiracy case in the United States Courts, involved no voir dire question. It was reversed because of unbelieveably grievous misconduct of the federal prosecutor during the trial and jury argument. [During the trial] "He was guilty of misstating the facts in his cross-examination of witnesses; of putting into the mouths of such witnesses things which they had not said; of suggesting by his questions that statements had been made to him personally out of court, in respect of which no proof was offered; of pretending to understand that a witness had said something which he had not said and persistently cross-examining the witness upon that basis; of assuming prejudicial facts not in evidence; of bullying and arguing with witnesses; and in general, of conducting himself in a thoroughly indecorous and improper manner ... [T]he situation was one which called for stern rebuke and repressive measures and, perhaps, if these were not successful, for the granting of a mistrial."

[During jury argument]. "The prosecuting attorney's argument to the jury was undignified and intemperate, containing improper insinuations and assertions calculated to mislead the jury .... He may strike hard blows ... not ... foul ones." The Court found that the

conspiracy case against the defendant was weak and, "in those circumstances prejudice to the cause of the accused is so highly probable we are not justified in assuming its non-existence." The Court further characterized the misconduct as "pronounced and persistent, with a probable cumulative effect upon the jury which cannot be regarded as inconsequential." Prosecutorial misconduct caused the reversal of that case, and rightly so.

This court employs the crashing cymbals of *Berger* to voice our disapprobation in the instant case when a muted drum ruffle will suffice.

2. Tex.Code Crim.Pro.Ann. art. 42.12(A)(2)(c) (Vernon 1979) provides in pertinent part:

Parole shall mean the release of a prisoner from imprisonment but not from the legal custody of the State.... Parole shall not be construed to mean a commutation of sentence or any other form of executive clemency....

Tex.Code Crim.Pro.Ann. art. 42.12(C)(15)(f) (Vernon 1979) states in pertinent part:

[A parole] shall not be considered to be a reduction of sentence or pardon ... Every prisoner while on parole shall remain in the legal custody of the institution from which he was released but shall be amendable to the orders of the Board.

The cumulation language in the instant case is disclosed by the record:

It is the further Order and Judgment of the Court that the defendant's sentence imposed in this cause number 79–CR–0656 shall begin and operate from (sic) the Judgment and Sentence in cause number 65573 *shall have ceased to operate.* (Emphasis added.)

In *Hamm v. State*, 513 S.W.2d 85, 86 (Tex. Cr.App.1974) the court determined that the trial court correctly cumulated two sentences when the initial conviction was pending appeal. The rationale in that case and others cited therein was that despite the outcome, that is, whether the first case was reversed or affirmed, the second sentence would become effective the moment the initial sentence "ceased to operate." We apply that analogy to the instant case.

We conclude that, regardless of the outcome of subsequent parole proceedings, the sentence in this case will become effective when the sentence in cause number 65573 ceases to operate. *Compare also Garcia v. State*, 537 S.W.2d 930, 936 (Tex.Cr.App. 1976) and cases cited therein. We hold that under the provisions of article 42.08 the trial court had the authority to order the cumulation of the sentences in this case when the appellant was on parole from conviction in the earlier case.

This court has carefully considered appellant's pro se briefs and finds that the grounds of error in those briefs are either repetitive of his counsel's or without merit.

Judgment is affirmed.

CLARK, Justice, concurring.

I concur in the result because I agree that the appellant, by expressly accepting the jury panel after twice moving to dismiss it as tainted by the prosecutor's statements during jury selection, waived the objections he had previously made in that regard.

I disagree strongly, however, with the attempt to justify the prosecutor's remarks during jury selection as proper.

The prosecutor made improper, highly prejudicial remarks on two occasions during jury selection. Both were calculated to suggest to the prospective jurors, contrary to law and the trial court's order *in limine*, that the appellant had a prior criminal record or was guilty of other criminal conduct in addition to that for which he was being tried.

The first of the two objectionable remarks is set out in Justice Butts' discussion of appellant's first ground of error. The prosecutor contrived, by purporting to ask and answer a hypothetical juror's question about the admissibility of evidence of prior convictions, to tell the panel that the state is only allowed to bring up "criminal records of the defendant" at the punishment phase of the trial. The remark was calculated to apprise the jury panel that this particular defendant had a prior criminal record which the prosecutor was precluded from disclosing because the state was required to "play by the rules." The prosecutor thus violated "the rules" while piously proclaiming himself bound by them. Justice Butts' opinion seeks to legitimize the comment as merely a correct explanation of Tex.Code Crim.Pro.Ann. art. 37.07 (Vernon 1974), analogizing the prosecutor's remarks here to the comments made in *Cadd v. State*, 587 S.W.2d 736 (Tex.Cr.App. 1979), and *Woods v. State*, 569 S.W.2d 901 (Tex.Cr.App.1978). But that approach begs the question. The jury in this case was *not* to assess the punishment, as the prosecutor himself had taken pains to explain to the jury panel moments earlier; thus there was absolutely no legitimate reason to tell the jury that it would not get to hear about "criminal records of the defendant." The comment certainly was as prejudicial as the comment condemned in *Stearn v. State*, 487 S.W.2d 734 (Tex.Cr.App.1972). In *Stearn* the prosecutor stated during jury argument that the state "couldn't bring you all the circumstances surrounding the arrest." Like the remark in *Stearn*, the offending comment here was an unmistakable reference to *the* defendant, and not a qualified reference to a hypothetical defendant. *See Cadd v. State*, 587 S.W.2d 736 (Tex.Cr.App. 1979); *Woods v. State*, 569 S.W.2d 901 (Tex.

Cr.App.1978). The attempt to distinguish *Stearn* on the ground that the improper remark in that case was made during jury argument rather than during jury selection is specious.

The second of the prosecutor's objectionable remarks to the jury panel was, if anything, even more prejudicial than the first. When a question arose concerning a prospective juror's recollection that he had seen television news coverage of the actual offense for which appellant was being tried, the prosecutor gave the panel his personal assurance that no reporters were present "when this offense took place," although "there may have been some reporters there when the other offenses were committed." The prosecutor's remark thus injected into the discussion other criminal conduct of *the* defendant, and not a hypothetical defendant, and suggested in unmistakable terms that the offense for which appellant was about to be tried was not the only offense he had committed on that occasion.

Nearly fifty years ago the United States Supreme Court admonished federal prosecutors that they have a special responsibility to conduct themselves in accordance with the highest standards of fairness and professionalism in the trial of criminal cases. The court's pointed observations in that case are equally pertinent to the facts before us:

> It is fair to say that the average jury, in a greater or a less degree, has confidence that these obligations [to refrain from improper methods], which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none.

*Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935). State prosecutors, no less than their federal counterparts, should likewise be held to high standards of fairness and professionalism and expected to heed Mr. Justice Sutherland's admonition that the government's attorney "may prosecute with earnestness and vigor—indeed, he should do so. But,

while he may strike hard blows, he is not at liberty to strike foul ones." *Ibid.*

While I agree that the judgment before us must be affirmed because the appellant expressly accepted the jury panel after the prejudicial remarks were made and objected to, I would have this court express strong disapproval of the kind of unfair trial tactics reflected by the record during jury selection in this case.

CADENA, C.J., joins in this concurring opinion.