**Lance Dion CARPENTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3-90-256-CR.**

Court of Appeals of Texas,
Austin.

Jan. 22, 1992.

Rehearing Overruled Feb. 19, 1992.

Wade Arledge, New Braunfels, for appellant.

Bill M. Reimer, Dist. Atty., Robert H. Fisher, Asst. Dist. Atty., New Braunfels, for appellee.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

ABOUSSIE, Justice.

While on parole for two San Patricio County convictions dated November 24, 1986, appellant Lance Dion Carpenter was arrested in Comal County, remanded to the custody of the sheriff, and ordered held without bail. In separate indictments, the State charged appellant with aggravated robbery, Tex.Penal Code Ann. § 29.03 (Supp.1992), and with possession of an illegal weapon, 1973 Tex.Gen.Laws, ch. 399, § 1, at 964 (Tex.Penal Code Ann. § 46.06, since amended). Pursuant to a plea-bargain agreement in this cause, Carpenter pleaded guilty to aggravated robbery in exchange for the State's recommendation that his punishment be assessed at thirty-five years' confinement in the Texas Department of Corrections and a $2000 fine. The State also agreed to dismiss the second Comal County indictment and ask the trial court to take into account an unindicted charge in Bexar County, also for possession of an illegal weapon. Tex.Penal Code Ann. § 12.45 (1974 & Supp.1992).

The trial court accepted and approved the negotiated plea and sentenced appellant accordingly, but at the same time ordered that the sentence in this cause begin upon completion of the concurrent sentences imposed in the two San Patricio County convictions.[1]

Carpenter complains in two points of error that the court lacked authority to cumulate his sentences and that the court erred in calculating appellant's credit for time served. We will reform the judgment to correct the time credit and affirm the judgment as reformed.

Carpenter argues in his first point of error that, once the trial court accepted and approved the plea-bargain, it was without authority to cumulate his sentences because the judgment resulted in a sentence

---

1. At the time of sentencing Carpenter's parole had not been revoked. He claims the concur-
rent sentences in the San Patricio County cases will be discharged August 21, 1996.

in this cause in excess of the maximum punishment agreed upon. As sole authority for this argument Carpenter cites *Perkins v. Court of Appeals,* 738 S.W.2d 276 (Tex.Crim.App.1987).

In *Perkins* the Court of Criminal Appeals held that the trial court has a "ministerial, mandatory, and non-discretionary" duty specifically to enforce a valid plea agreement entered into by the parties and agreed to by the court. *Id.* at 285. That court upheld issuance of a writ of mandamus directing the trial judge to enforce an agreement where the trial judge, after accepting and approving the plea bargain, refused to go forward with the plea agreement and sua sponte withdrew the defendant's guilty plea. *Id.*

Unlike the trial court in *Perkins,* the trial court below specifically enforced the sentence agreed upon between Carpenter and the State and approved by the court; Carpenter's punishment for this offense was assessed at the thirty-five years' confinement for which he bargained.

The plea-bargain agreement entered into between Carpenter and the State was silent on the matter of whether the sentence in this cause would run concurrent with or consecutive to the sentences already being served by appellant. The trial court has discretion to cumulate the punishment in a case when there is a prior conviction imposing prison or jail time. At the time judgment and sentence is pronounced, the judgment in the subsequent conviction may order that the sentence imposed shall begin when the judgment and sentence imposed in the preceding conviction has ceased to operate. Tex.Code Crim.Proc.Ann. art. 42.08 (Supp.1992); *Green v. State,* 706 S.W.2d 653, 655–56 (Tex.Crim.App.1986); *McCullar v. State,* 676 S.W.2d 587 (Tex.Crim.App.1984); *see also Smith v. State,* 575 S.W.2d 41 (Tex.Crim.App.1979) (article 42.08 grants trial court absolute discretion to cumulate sentences). Likewise, when a defendant is released on parole at the time of a subsequent conviction, the court may order that the second sentence run consecutive to the first. *Jimenez v. State,* 634 S.W.2d 879 (Tex.App.1982, pet. ref'd). Nothing in the plea bargain prohibited the court's exercise of its discretion in cumulating the sentences and appellant cites us to no authority in support of his position. Appellant's first point of error is overruled.

In his second point of error, Carpenter complains that the trial court erred in giving him credit for only twenty-seven days' time served when in fact he had been jailed one hundred and four days.

The trial court is required to give Carpenter credit for all time served between arrest and sentencing. Tex.Code Crim. Proc.Ann. art. 42.03, § 2(a) (Supp.1992).[2] The proper remedy when the trial court has failed to do so is to reform the judgment and sentence. *Jones v. State,* 596 S.W.2d 134 (Tex.Crim.App.1980).

The parties agree that defendant was arrested on May 25, 1990, held without bond, and sentenced on September 6, 1990. We sustain Carpenter's second point of error and reform the judgment to reflect credit for one hundred and four days served.

As reformed, the judgment of the trial court is affirmed.

---

**2.** "In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence ... for the time that the defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trial court." Tex. Code Crim.Proc.Ann. art. 42.03, § 2(a) (Supp. 1992).