NUMBER 13-03-703-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

STEPHEN FORREST MILLER
A/K/A RANDY MILLER,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 105th District Court of Nueces County, Texas.
                                                                                                                      

O P I N I O N

Before Justices Yañez, Rodriguez, and Garza
Opinion by Justice Yañez
 

          In two issues, appellant, Stephen Miller, challenges: (1) his conviction for theft;


 and
(2) the trial court’s order that his sentence run consecutively with the sentence imposed for
his parole revocation in an earlier offense.


 We affirm.
          The record contains the trial court’s certification that the case is not a plea-bargain
case, and the defendant has the right to appeal. See Tex. R. App. P. 25.2(a)(2).
Background
          On July 24, 2003, Corpus Christi Police Officer Sean Ostrander, while off duty and
driving his personal vehicle on the highway, observed appellant run across several lanes
of traffic coming from the direction of a shopping center. Officer Ostrander testified that he
noticed appellant carrying something under his arm that appeared to be electronic
equipment. He called the police department and requested that police units be sent to the
area. He then exited the highway and approached appellant. Officer Ostrander identified
himself as a police officer and began questioning appellant. Appellant stated he did not
have a receipt for the item he was carrying and that it was given to him by a friend. 
However, appellant was unable to supply Officer Ostrander with a name or location of the
friend. 
          Officer Ostrander flagged down another off-duty officer to assist him, and when the
marked unit arrived, the officers detained appellant. They then transported appellant to the
shopping center that appellant was seen running from. Paul Juarez, an employee of a
store in the shopping center, informed the officers that a few minutes earlier, a man had
stolen some merchandise. Juarez identified the item appellant was carrying as that which
was stolen, and identified appellant as the perpetrator. Appellant was then arrested and
charged.
          After a bench trial, appellant was found guilty of theft and was sentenced to two
years’ imprisonment.
Search and Seizure
          In his first issue, appellant argues that his arrest was illegal under the Fourth
Amendment of the United States Constitution, and that evidence, namely testimony,
obtained as a fruit of the arrest, should have been suppressed. The State contends that
the error urged by appellant was not preserved at trial and not subject to appeal. 
          The failure to preserve error by making a timely request, objection, or motion each
time the evidence is offered forfeits the right to complain on appeal. See Tex. R. App. P.
33.1. An objection is timely when it is made before the evidence is admitted, or as soon
as the objectionable nature of the evidence becomes apparent. Dinkins v. State, 894
S.W.2d 330, 355 (Tex. Crim. App. 1995); Ethington v. State, 819 S.W.3d 854, 858 (Tex.
Crim. App. 1991).
          Here, appellant forfeited his right to complain by failing to timely object to evidence
presented at trial. Appellant did not file a motion to suppress, nor did he object to the
evidence when it was offered by the State. Appellant’s only objection for suppressing the
evidence was made during closing arguments. We conclude that appellant’s late objection
was not timely and that any error was not preserved. See Tex. R. App. P. 33.1; Dinkins,
894 S.W.2d at 355. Appellant’s first issue is overruled.
Cumulated Sentence
          In his second issue, appellant challenges the trial court’s ruling that his sentence run
consecutively with a sentence imposed from a prior conviction. In 1992, appellant was
convicted for possession of cocaine and received a sentence of twenty-five years’
imprisonment. At the time of the offense in the present case, appellant was on parole for
the 1992 offense. After a bench trial, the trial court assessed punishment at two years, and
ordered the two-year sentence to commence “when the sentence of twenty-five years
confinement imposed in . . . Cause No. 92-CR-0889-E, . . . for possession of cocaine has
ceased to operate.” 
          When the same defendant has been convicted in two or more cases, judgment and
sentence shall be pronounced in each case in the same manner as if there had been but
one conviction. Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2004). The
judgment in the second and subsequent conviction may either be that the sentence
imposed or suspended shall begin when the sentence imposed or suspended in the
preceding conviction has ceased to operate, or that the sentence imposed or suspended
shall run concurrently with the previous conviction. Id. (emphasis added).
          Appellant contends that he “fully served” his sentence for his previous conviction
because he was on parole and that he did not have an unserved prison sentence pending. 
As a result, he argues that the trial court had no authority to speculate that his parole would
be revoked when ordering consecutive sentences. We disagree. 
          We find Jimenez v. State, 634 S.W.2d 879, 881-82 (Tex. App.–San Antonio 1982,
pet. ref’d), analogous to the instant case. There, the trial court ordered the sentence in the
case before it to commence when the sentence in the defendant’s previous conviction
“ceased to operate.” Id. at 882. Our sister court concluded that “regardless of the outcome
of subsequent parole proceedings, the sentence in this case will become effective when
the sentence in [the previous case] ceases to operate.” Id.; see Wilson v. State, 854
S.W.2d 270, 273 (Tex. App.–Amarillo 1993, pet. ref’d); Carpenter v. State, 828 S.W.2d
441, 442 (Tex. App.–Austin 1992, no pet.) (pursuant to article 42.08(a), trial court has
authority to order cumulation of sentences when defendant is on parole from previous
conviction).
          Like Jimenez, the trial court ordered the sentence imposed in this case to
commence when the sentence imposed in appellant’s previous conviction “ceased to
operate.” See Jimenez, 634 S.W.3d at 882. Thus, because a trial court has authority to
cumulate sentences when a defendant is on parole from a previous conviction, we
conclude that the trial court did not err. We overrule appellant’s second issue.
          Accordingly, the judgment of the trial court is affirmed. 
 
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice





Do not publish. Tex. R. App. P. 47.2(b).

Opinion delivered and filed this the
26th day of August, 2004.