In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00119-CR
______________________________


LARRY EDWARD DAUGHERTY, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 31769-B


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Larry Edward Daugherty had multiple, prior felonies on his record before he robbed at
gunpoint a Longview convenience store he had frequented as a paying customer. He pled guilty to
the offense and true to the enhancement allegations, his punishment was submitted to a jury, and he
received a life sentence. Daugherty complains that the life sentence was ordered stacked on a
twenty-five-year sentence he had received in 1993 in Jefferson County, Texas, for felony possession
of a controlled substanceâhabitual offender.


 See Tex. Code Crim. Proc. Ann. art. 42.08(a)
(Vernon Supp. 2004â2005). Daugherty's two complaints concerning the stacking order are that it
did not unequivocally demonstrate how long Daugherty should be detained and it causes excessive
punishment, disproportionate to the offense. We affirm the trial court's judgment, because we hold
that (1) neither complaint was preserved for our review, and, even if they had been, (2) the stacking
order provides sufficient detail, and (3) the sentence is not disproportionate to the offense.
No Complaint Was Preserved for Review
Â Â Â Â Â Â Â Â Â Â Â Â As a prerequisite to presenting a complaint for appellate review, the record must show that
the complaint was timely made to the trial court, stating the grounds for the requested ruling from
the trial court with "sufficient specificity to make the trial court aware of the complaint, unless the
specific grounds were apparent from the context . . . ." Tex. R. App. P 33.1(a)(1)(A). Daugherty's
counsel argued against stacking in a brief dialogue with the trial court, which did not express or hint
at either complaint he now asserts on appeal:
The Court: Mr. Dewitt, why I should not stack the sentence?
Â 
Mr. Dewitt: Given Mr. Daugherty's age - - he's 46, going to be 47 - - taking
into consideration he's been rendered a life sentence, doing a minimum of 30 years,
he's going to be 77.
That's a leap before he's eligible for parole. I would think that under those
circumstances is found a hope, and I would hope that he would hope, that he may
have the opportunity to someday get out of prison.

No objection to stacking was made except for the foregoing argument. Neither point brought on
appeal was preserved for our review. Even if they had been, the stacking would survive Daugherty's
points.
The Stacking Order Provides Sufficient Detail
Â Â Â Â Â Â Â Â Â Â Â Â Daugherty argues that "we do not know when, if ever, [Daugherty's] sentence will begin to
run; because, we do not know the status of the parole." He argues that, because it is unclear whether
the parole will be revoked, it is unclear when the sentence assessed here will begin and when it will
end. 
Â Â Â Â Â Â Â Â Â Â Â Â A trial court has discretion to order sentences to be served consecutively. Tex. Code Crim.
Proc. Ann. art. 42.08(a). A valid cumulation order should provide sufficient specific information
to allow the Texas Department of Criminal Justice to identify the prior conviction and sentence with
which the newer conviction is to be cumulated. Ex parte San Migel, 973 S.W.2d 310, 311 (Tex.
Crim. App. 1998); Ward v. State, 523 S.W.2d 681 (Tex. Crim. App. 1975). The trial court should
incorporate a full description of the prior conviction in the interest of accuracy. Ex parte Lewis, 414
S.W.2d 682, 683 (Tex. Crim. App. 1967). An accurate description would include (1) the number
of such prior conviction, (2) the correct name of the court in which the prior conviction was had, (3)
the date of the prior conviction, and (4) the term of years assessed in the prior conviction. Id.
Â Â Â Â Â Â Â Â Â Â Â Â The sentencing order in this case stated:
Â Â Â Â Â Â Â Â Â Â Â Â It is further ADJUDGED and DECREED by this Court that the sentence
pronounced herein shall begin after serving sentence in cause #58965 styled The
State of Texas Vs. Larry Edward Daugherty in the Criminal District Court Jefferson
County, Texas where the defendant received twenty-five (25) years in the Texas
Department of Criminal Justice Institutional Division on 11th day of February, 1993,
and that the Defendant is granted credit for 149 days served.
The order provides the required information for prison authorities to implement the trial court's
order. When Daugherty was placed on parole status for the Jefferson County conviction, he had not
yet fully discharged the judgment and sentence.


 The sentence in this case will become effective
when the sentence in cause number 58965 ceases to operate. That is sufficient. See Jimenez v. State,
634 S.W.2d 879, 882 (Tex. App.âSan Antonio 1982, pet. ref'd) (The court, relying on Hamm v.
State,


 reasoned that, despite the outcome of the first case, whether the first case was reversed or
affirmed, the second sentence would become effective the moment the initial sentence ceased to
operate.). No additional information is required to execute the cumulative sentence. We overrule
Daugherty's first point of error.
The Sentence Is Not Disproportionate to the Offense
Â Â Â Â Â Â Â Â Â Â Â Â In his second point of error, Daugherty contends his sentence is disproportionate to his
offense. Daugherty was convicted of aggravated robbery, a first-degree felony. See Tex. Pen. Code
Ann. Â§ 29.03 (Vernon 2003). The punishment range for a first-degree felony is no less than five
years, nor more than ninety-nine years or life. See Tex. Pen. Code Ann. Â§ 12.32 (Vernon 2003). 
If, however, it is shown on the trial of a first-degree felony that the accused has been previously and
finally convicted of two felony offenses, "and the second previous felony conviction is for an offense
that occurred subsequent to the first previous conviction having become final, on conviction [of the
currently charged offense, the accused] shall be punished by imprisonment . . . for life, or for any
term of not more than 99 years or less than 25 years." Tex. Pen. Code Ann. Â§ 12.42(d) (Vernon
Supp. 2004â2005). In this case, Daugherty pled true to having been previously, finally, and
sequentially convicted of at least two non-state-jail felonies, thereby enhancing the minimum
sentence in this case to twenty-five years.
Â Â Â Â Â Â Â Â Â Â Â Â Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). In Jackson v.
State, 989 S.W.2d 842, 845 (Tex. App.âTexarkana 1999, no pet.), however, we recognized that a
prohibition against grossly disproportionate punishment survives under the Eighth Amendment to
the United States Constitution apart from any consideration of whether the punishment assessed is
within the range established by the Legislature. See also Fluellen v. State, 71 S.W.3d 870, 873 (Tex.
App.âTexarkana 2002, pet. ref'd); Latham v. State, 20 S.W.3d 63, 68â69 (Tex. App.âTexarkana
2000, pet. ref'd).
Â Â Â Â Â Â Â Â Â Â Â Â Our proportionality analysis under both the Eighth Amendment to the United States
Constitution and Article I, Section 13 of the Texas Constitution is guided by (1) the gravity of the
offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same
jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. 
See Solem v. Helm, 463 U.S. 277, 292 (1983); Simmons v. State, 944 S.W.2d 11, 15 (Tex.
App.âTyler 1996, pet. ref'd) (evaluating appellant's Texas constitutional claim of cruel and unusual
punishment under test outlined in Solem). Only if we find that the sentence is grossly
disproportionate to the offense will we then consider the remaining factors of the Solem test and
compare the sentence received to sentences for similar crimes in the same jurisdiction and to
sentences for the same crime in other jurisdictions. McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir. 1992); see also Davis v. State, 905 S.W.2d 655, 664â65 (Tex. App.âTexarkana 1995, pet.
ref'd).
Â Â Â Â Â Â Â Â Â Â Â Â There is no evidence in the record comparing the sentences imposed on persons in Texas with
sentences imposed against defendants in other jurisdictions who committed a similar offense. See
Fluellen, 71 S.W.3d at 873; Latham, 20 S.W.3d at 69; Davis, 905 S.W.2d at 664â65. Therefore,
there is no showing that the sentence was disproportionate or excessive.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the trial court's judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â March 15, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â March 30, 2005

Do Not Publish



footer:url("6-09-114-CV%20Capps%20v.%20Nexion%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.Section2
 {page:Section2;}
-->











 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-09-00114-CV

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  JOAN
CAPPS, Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

NEXION HEALTH AT
SOUTHWOOD, INC., D/B/A

SOUTHWOOD NURSING &
REHABILITATION CENTER,

NEXION HEALTH, INC., AND
NEXION HEALTH

MANAGEMENT, INC., Appellees

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 4th Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Rusk County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 2007-207

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Carter








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Joan
Capps, plaintiff below, filed a notice of appeal with this Court appealing the
trial courtÂs final judgment in trial court cause number 2007-207.Â  Defendants below, Nexion Health at Southwood,
Inc., d/b/a Southwood Nursing & Rehabilitation Center, Nexion Health, Inc.,
and Nexion Health Management, Inc., filed their notice of appeal from that same
final judgment with the Tyler Court of Appeals.Â 


Â Â Â Â Â Â Â Â Â Â Â  This
Court and the Tyler Court of Appeals share common jurisdiction over Rusk
County, and appeals from that county may be filed in either the Sixth Court of
Appeals at Texarkana or the Twelfth Court of Appeals at Tyler.Â  Tex.
GovÂt Code Ann. Â§ 22.201 (Vernon Supp. 2009).

Â Â Â Â Â Â Â Â Â Â Â  Because
notices of appeal were filed in both this Court and the Tyler Court, and
because the parties were unable to agree on which court would handle the
appeal, a drawing was held by the Rusk County District ClerkÂs Office.Â  Tex.
R. Jud. Admin. 15.4, reprinted in
Tex. GovÂt Code Ann. tit. 2,
subtit. F. app. (Vernon Supp. 2009).Â  As
a result of that drawing, these appeals have been consolidated, and the Tyler
court was selected as the court to handle these appeals, thereby vesting sole
jurisdiction in that court.

Â Â Â Â Â Â Â Â Â Â Â  We therefore dismiss
this appeal for want of jurisdiction.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date
Submitted:Â Â Â Â Â Â Â Â Â  January 28, 2010

Date
Decided:Â Â Â Â Â Â Â Â Â Â Â Â  January 29, 2010