In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-500 CR


____________________



FARRELL THOMAS HERRING, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 88200






 MEMORANDUM OPINION


 Farrell Thomas Herring appeals from the trial court's assessment of a ten-year
sentence in the Institutional Division of the Texas Department of Criminal Justice. Raising
one appellate issue, Herring contends that the trial court's cumulation order and judgment
are void. We modify the judgment as suggested by the State and affirm the judgment as
modified. 


Background


 On August 25, 2003, the Jefferson County trial court placed Herring on deferred-
adjudication community supervision for the offense of injury to a child. See Tex. Pen. Code
Ann. § 22.04(a)(3), (f) (Vernon Supp. 2007). On September 19, 2006, the trial court heard
the State's motion to revoke Herring's deferred-adjudication community supervision. 
Herring pled "true" to the State's allegation that he committed the offense of driving while
intoxicated on May 16, 2006. The trial court accepted Herring's plea and announced that it
would order an updated presentencing report. 

 On October 16, 2006, the trial court revoked Herring's unajudicated community
supervision, found him guilty of injury to a child, and sentenced him to ten years in prison. 
Then the trial court stated: "This will run consecutive in the event that there is a parole
revocation in your case out of Aransas County. This will run consecutive to that offense. 
Okay? Good luck to you." The trial court's judgment contains the following cumulation
order: "Cumulation order (art. 42.01, Sec 1(19) CCP): The Court orders that the sentence
in this conviction shall run consecutively and shall begin only when the judgment and
[sentence] in this cause # out of Aransas County, Texas has ceased to operate."

 When Herring filed his appellate brief, he sought either a new trial or a reformation
of the judgment to delete the cumulation order. He alleged that nothing in the record showed
that he was previously convicted in Aransas County and currently serving a paroled sentence
and that the trial court abused its discretion in cumulating his sentence. He further
maintained that the order was inadequate to identify the Aransas County sentence and that
the cumulation order was conditional.

 When the State filed its appellate brief, the State argued that the record contained
sufficient evidence linking Herring to his previous conviction. The State, however, sought
reformation of the trial court's order to reflect additional information if this court determined
that the existing order was deficient.

 At this court's request under rule 34.5(c) of the Texas Rules of Appellate Procedure,
the district clerk filed a supplemental clerk's record that contained the presentence
investigation report (PSI) and its update. After supplemental briefing by Appellant and the
State, we abated this cause and remanded it to the trial court for a hearing, in accordance with
Amador, to determine what portions of the clerk's record the trial court saw, used, or
considered at the time of its ruling. See Amador v. State, 221 S.W.3d 666, 674-76 (Tex.
Crim. App. 2007). We ordered the trial court to cause the supplemental appellate record of
this hearing to be transmitted to this court.

 The supplemental reporter's record shows that the trial court conducted a hearing on
December 10, 2007. The trial court determined that when it made its cumulation ruling, it
saw, used, or considered the following: the original PSI; the updated revocation report; a
letter from Herring dated July 2, 2006; and another letter from Herring dated September 10,
2006. The trial judge also stated: "I want the record to be clear that in any and every case
that I have to make a determination as to sentencing, that I review every word, every letter
and every document and every sheet of paper in the Court's file. That was done in this
particular case."

Cumulation Order


 Subject to certain exceptions, a trial court has the discretion to cumulate or stack
sentences. Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2006); Stokes v. State, 688
S.W.2d 539, 540 (Tex. Crim. App. 1985). At the time of sentencing, however, the trial court
must have before it both former-conviction evidence and evidence establishing the defendant
to be the same person previously convicted. Barela v. State, 180 S.W.3d 145, 147-48 (Tex.
Crim. App. 2005) (citing Turner v. State, 733 S.W.2d 218, 221 (Tex. Crim. App. 1987)). 

 To be valid, a cumulation order should be sufficiently specific to allow the Texas
Department of Criminal Justice, Institutional Division, to identify the prior conviction with
which the newer conviction is cumulated. See Ex parte San Migel, 973 S.W.2d 310, 311
(Tex. Crim. App. 1998) (citing Ward v. State, 523 S.W.2d 681 (Tex. Crim. App. 1975)). 
Generally, a cumulation order should contain the cause number of the prior conviction, its
date, the correct name of the court in which the prior conviction occurred, the term of years
assessed in the prior case, and the nature of the prior conviction. See Barela, 180 S.W.3d.
at 148 n.6 (citing Banks v. State, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986)). However,
these requirements are not absolutes. See id. For example, the Texas Court of Criminal
Appeals has upheld a cumulation order that recited only the cause number and the correct
name of the trial court for the prior conviction. See Williams v. State, 675 S.W.2d 754, 764
(Tex. Crim. App. 1984) (op. on rehearing). Further, a cumulation order that refers only to
the previous conviction's cause number is sufficient if the trial court entering the order is the
same court that convicted the defendant in the prior case. See Hamm v. State, 513 S.W.2d
85, 86-87 (Tex. Crim. App. 1974). 

 In this case, the cumulation order identifies only the county of the prior conviction.
The order provides that the sentence for Herring's conviction in Jefferson County "shall run
consecutively and shall begin only when the judgment and [sentence] in this cause # out of
Aransas County, Texas has ceased to operate." Generally, cumulation orders citing only one
requirement are insufficient. See Williams, 675 S.W.2d at 764. An appellate court, however,
may reform a cumulation order if the appellate record contains the necessary data and
evidence. See Banks, 708 S.W.2d at 462. 

 We review the record considered by the trial court to determine if there is sufficient
data to allow us to reform the trial court's cumulation order. We first consider the updated
revocation report as such reports may be sufficient to establish Herring's prior conviction and
support cumulation. See Montgomery v. State, 876 S.W.2d 414, 416 (Tex. App.-Austin
1994, pet. ref'd). In this case, the updated revocation report states that after Herring received
his deferred-adjudication community supervision in Jefferson County, he received a five-year
prison sentence in Aransas County on October 6, 2003, for driving while intoxicated. Thus,
the updated revocation report, which the trial court considered, provides three of the Barela
factors: (1) the date of the prior conviction-October 6, 2003; (2) the term of years assessed
in the prior case-five; and (3) the nature of the prior conviction-driving while intoxicated. 
See Barela, 180 S.W.3d. at 148 n.6 (citing Banks, 708 S.W.2d at 461). The revocation report
explains that after Herring's release from the TDCJ, he was on parole for the Aransas County
offense and also was on deferred-adjudication community supervision as a result of the
Jefferson County offense. During the period when Herring was on both parole and deferred-adjudication community supervision, he committed the May 2006 DWI that led to the
revocation of his community supervision in Jefferson County. 

 Herring's letter dated July 2, 2006, acknowledges the Aransas County conviction. In
the letter, Herring explains that after he received probation in Jefferson County in August
2003, he went to Aransas County by detainer for a felony DWI charge pending there. He
further states that he was sentenced to five years in TDCJ as a result of the Aransas County
offense and that he was confined until June 1, 2005. At that time, he was paroled on the
Aransas County conviction and began serving deferred-adjudication community supervision
on the Jefferson County offense. Herring's letter, thus, is additional information linking him
to the Aransas County conviction. See Miller v. State, 33 S.W.3d 257, 258, 262-63 (Tex.
Crim. App. 2000); see also Turner, 733 S.W.2d at 221 (evidence insufficient to link
defendant to prior conviction). 

 Also contained in the clerk's file is a motion for new trial that Herring filed in
December 2003. That motion alleged that he was convicted of "felony DWI(3)" on October
6, 2003, in cause number A-03-5091-CR, in Aransas County, Texas, and was sentenced to
five years as a result. The hearing of December 10, 2007, supports the conclusion that the
trial court reviewed the motion for new trial. Thus, based on the information that the record
reflects the trial court reviewed, we find we have sufficient data to allow us to reform the
cumulation order.

 Herring also argues that the cumulation order is improper because the court ordered
a conditional cumulation, one to occur "in the event there is a parole revocation." However,
the "trial court has the authority to stack a new sentence onto a prior sentence for which the
defendant is then on parole." Hill v. State, 213 S.W.3d 533, 538 (Tex. App.-Texarkana
2007, no pet.); see Jimenez v. State, 634 S.W.2d 879, 881-82 (Tex. App.-San Antonio 1982,
pet. ref'd) (finding trial court had the authority under then article 42.08 to cumulate sentences
when appellant was on parole from conviction in earlier case); see also Wilson v. State, 854
S.W.2d 270, 273 (Tex. App.-Amarillo 1993, pet. ref'd); Carpenter v. State, 828 S.W.2d 441,
442 (Tex. App.-Austin 1992, no pet.). "Parole is essentially a constructive confinement. 
Release from prison for rehabilitation purposes does not mean release from the operation of
the judgment and sentence in that cause." Jimenez, 634 S.W.2d at 881. Thus, we find that
the trial court did not abuse its discretion in stacking Herring's sentences. 

 Therefore, we reform the cumulation-order portion of the judgment entered in Cause
No. 88200 so that Herring's punishment of ten years' confinement in the Institutional
Division of the Texas Department of Criminal Justice, by virtue of his conviction for injury
to a child, shall begin when the judgment and sentence against Herring in Cause No. A-03-5091-CR from Aransas County, Texas, for driving while intoxicated shall have ceased to
operate. We affirm the trial court's judgment as reformed.

 AFFIRMED AS REFORMED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on June 19, 2007

Opinion Delivered February 6, 2008

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.