

## NUMBER 13-12-00492-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**STARLING LEON PATRICK,**                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

### On appeal from the 36th District Court
### of San Patricio County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Rodriguez

A jury convicted appellant Starling Leon Patrick for indecency with a child as a repeat felony offender, and the trial court sentenced him to twenty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice, his sentence to be served consecutively with his parole case. *See* TEX. PENAL CODE ANN. § 21.11 (West

2011).  By two issues, Patrick contends that:  (1) the trial court erred in granting the State's challenge of venire member No. 40 for cause, over Patrick's objection; and (2) the trial court abused its discretion when it cumulated the new sentence with a prior one for which he was on parole.  We affirm.

## I.  CHALLENGE FOR CAUSE[1]

By his first issue, Patrick contends that the trial court committed reversible error when it granted, over objection, the State's challenge of venire member No. 40 for cause and violated his right to due process.  We are not persuaded by Patrick's argument because it is clear from the record that the State did not challenge venire member No. 40 for cause.  Instead, the State used a peremptory challenge on this venire member.

Patrick elected to have a jury trial.  After Patrick's counsel concluded his voir dire, the trial court called two venire members, No. 16 and No. 40, to the bench for a conference.  Among other things, venire member No. 16 stated that he had trouble with a one-witness case and that he could not be fair to the State.  The State challenged venire member No. 16 for cause, and the trial court granted the challenge, over Patrick's objection.  *See* TEX. CODE CRIM. PROC. ANN. art. 35.16(a) (West 2006) ("A challenge for cause is an objection made to a particular juror, alleging some fact which renders the juror incapable or unfit to serve on the jury.").

At the same bench conference, venire member No. 40 explained that she would like to have more than one witness but that she could find someone guilty if she believed

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

2

the witness beyond a reasonable doubt. The State did not move to challenge venire member No. 40 for cause. Instead, the State used a permissible peremptory challenge on venire member No. 40, as shown on the State's strike sheet that appears in the clerk's record on appeal. *See id.* art. 35.14 (West 2006) ("A peremptory challenge is made to a juror without assigning any reason therefor."). We overrule Patrick's first issue.

## II. CUMULATION ORDER

Patrick contends by his second issue that the trial court improperly issued a cumulation order. The question here is whether the trial court abused its discretion by stacking a new sentence onto a prior sentence for which Patrick was on parole. *See Nicholas v. State*, 56 S.W.3d 760, 760–65 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (explaining that a trial court abuses its discretion if it imposes consecutive sentences in cases where the law requires concurrent ones, if it imposes concurrent sentences where the law requires consecutive ones, or if it otherwise fails to observe statutory requirements germane to sentencing).

We resolve this issue against Patrick because courts have consistently held that "[a] trial court has the authority to stack a new sentence onto a prior sentence for which the defendant is then on parole." *Hill v. State*, 213 S.W.3d 533, 538 (Tex. App.—Texarkana 2007, no pet.); *see Wilson v. State*, 854 S.W.2d 270, 273 (Tex. App.—Amarillo 1993, pet. ref'd); *Jimenez v. State*, 634 S.W.2d 879, 881 (Tex. App.—San Antonio 1982, pet. ref'd) (holding that article 42.08 authorizes stacked sentences for defendants on parole and that parole is "essentially a constructive confinement" and not a release from the operation of the judgment). So we conclude that the trial court did not

3

abuse its discretion by cumulating Patrick's sentences and that the cumulation order in this case is therefore valid. We overrule Patrick's second issue.

### III. CONCLUSION

We affirm.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of June, 2013.