**Opinion filed September 4, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00146-CR

_____

## JACKIE ALLEN YARBROUGH, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 220th District Court**
**Comanche County, Texas**
**Trial Court Cause No. CR03544**

### M E M O R A N D U M   O P I N I O N

The jury convicted Jackie Allen Yarbrough of the offense of delivery of less than one gram of methamphetamine.[1] The jury found two enhancement paragraphs to be "true" and assessed Appellant's punishment at confinement for a term of twenty years and a $10,000 fine.[2] The trial court sentenced Appellant and ordered his sentence to commence only upon the completion of his sentence in

---

[1]TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.112(a), (b) (West 2010); TEX. PENAL CODE ANN. § 12.35(c)(2)(A) (West Supp. 2013).

[2]PENAL §12.33 (West 2011), § 12.42(a).

Cause No. W-CRB-15,966. In a single issue on appeal, Appellant contends that the trial court erred when it ordered his sentence in this case to run consecutively to his sentence in Cause No. W-CRB-15,966.[3] We affirm.

## I. *Standard of Review*

In reviewing a trial court's sentencing determination, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *see also Pettigrew v. State*, 48 S.W.3d 769, 770 (Tex. Crim. App. 2001). "[T]he Texas Legislature has assigned the decision to cumulate, *vel non*, in Section 3.03 of the Penal Code and Article 42.08 of the Code of Criminal Procedure, to the trial court." *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006). Normally, a trial court has absolute discretion to cumulate sentences, and a criminal defendant has no right to a concurrent sentence. *Quintana v. State*, 777 S.W.2d 474, 480 (Tex. App.—Corpus Christi 1989, pet. ref'd). An abuse of discretion generally will be found only if the trial court imposes consecutive sentences where the law requires concurrent sentences, or vice versa, or where the court otherwise fails to observe the statutory requirements pertaining to sentencing. *Nicholas v. State*, 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

## II. *Analysis*

Appellant argues in his sole issue on appeal that the trial court erred when it ordered his sentence in this case to run consecutively to his sentence in Cause No. W-CRB-15,966.[4] Appellant contends that, because he was not an inmate at

---

[3]Appellant was convicted in Cause No. W-CRB-15,966 for "Theft by Repetition" in the 238th Judicial District Court of Midland County, Texas.

[4]In addition to the brief filed by his attorney, Appellant has filed a pro se brief. Because Appellant is currently represented by counsel, we do not consider his pro se brief. *See Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001) (holding that an appellant is not entitled to "hybrid

the time the offense was committed, the trial court's action was not authorized by Article 42.08(b) of the Texas Code Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 42.08(b) (West Supp. 2013).[5] The State agrees with Appellant's contention that Article 42.08(b) does not apply to this case. Instead, the State argues that the trial court's decision was authorized by Article 42.08(a), which allows a trial court to cumulate the sentences of two or more convictions. CRIM. PROC. art. 42.08(a); *see Nicholas*, 56 S.W.3d at 764.

The record shows that, at the time of trial, Appellant was on parole for three convictions entered in Midland County. The trial court ordered Appellant's sentence in this case to commence upon the completion of the last of the three sentences imposed for the convictions in Midland County. Although the trial court referenced Article 42.08(b) prior to making its decision, the court did not specifically state that it based its decision on that section of the statute.

We find that the trial court did not abuse its discretion when it ordered Appellant's sentence in this case to run consecutively to the sentence in Cause No. W-CRB-15,966. Because Appellant was on parole for the Midland convictions at the time of trial, Article 42.08(a) authorized the trial court's decision. CRIM. PROC. art 42.08(a); *see Wilson v. State*, 854 S.W.2d 270, 273 (Tex. App.—Amarillo 1993, pet. ref'd) (finding that trial court's decision to order sentence to run consecutively to prior sentence was not an abuse of discretion, even if defendant was on parole for the first offense when sentence was imposed for the second offense); *Jimenez v. State*, 634 S.W.2d 879, 882 (Tex. App.—San Antonio 1982, pet. ref'd) (holding that trial court had authority to order

---

representation"); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995) (finding that the appellant's supplemental brief presented nothing for review).

[5]Article 42.08(b) of the Texas Code of Criminal Procedure mandates consecutive sentences where an inmate is convicted of an offense and has not completed the sentence he was serving at the time of the subsequent offense.

defendant's sentence to run consecutively to his previous conviction for which he was on parole at the time of trial).  We overrule Appellant's sole issue.

III. <em>This Court's Ruling</em>

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


September 4, 2014

Do not publish.  See TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.