**Ex parte Charles Edward WRIGLEY, Applicant.**

**No. AP–75,169.**

Court of Criminal Appeals of Texas.

Nov. 16, 2005.

Charles Edward Wrigley, Teague, pro se.

Melinda Mayo, Amarillo, Matthew Paul, State's Atty., Austin, for State.

## OPINION

KELLER, P.J., delivered the opinion of the Court in which MEYERS, PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

This case presents the novel issue of whether an original sentence is completed and a stacked sentence begins to run at the time the defendant makes parole on the original offense, if his parole is revoked before the trial court sentences the defendant for the stacked offense.[1] We hold that it does not.

## I. FACTS

Applicant was sentenced to a twenty-year term in the Institutional Division of the Texas Department of Criminal Justice (TDCJ) for possession of a controlled substance, committed in 1991. On August 11, 1992, while in the custody of TDCJ, applicant assaulted a prisoner. On November 12, 1993, while awaiting trial on the aggravated assault, applicant was paroled on the possession offense. While he was on parole, he was arrested on June 22, 1994, for possession of a controlled substance and pleaded guilty to the offense, for which he was sentenced to twenty-five years in TDCJ. His parole on the first possession offense was subsequently revoked.

1. For purposes of this opinion, "stacked offense" is the offense committed while the defendant was an inmate in TDCJ, serving his sentence for the original offense. *See* Tex. Code Crim. Proc. Art. 42.08(b). Under Article 42.08(b), the judge must stack the sentence for the subsequent offense, committed while in TDCJ, on the sentence for the original offense. *See id.*

On May 23, 1996, applicant pleaded guilty to the aggravated assault offense pursuant to a plea bargain for a term of seven years confinement in TDCJ. The trial court ordered the seven-year sentence to run consecutive to the initial twenty-year sentence applicant had received for the first possession offense. The judgment indicates applicant was to receive pre-sentence time credit from November 12, 1993, on the seven-year sentence.

Applicant alleges that the seven-year sentence was to run from November 12, 1993, the same date on which he was paroled for the first possession offense, so that he would have discharged the seven-year sentence on November 12, 2000. By applicant's calculation, he was entitled to mandatory release on November 12, 2000, on the twenty-year sentence and to mandatory release on July 18, 2004, on the twenty-five year sentence. Applicant contends that he has been detained past his mandatory release date because TDCJ improperly stacked the seven-year sentence on the twenty-five year sentence in violation of the plea agreement.

The State agrees that applicant's seven-year sentence is to run consecutive only to the twenty-year sentence for the first possession offense. In its response, the State claims that TDCJ's records correctly reflect the trial court's order to stack the seven-year sentence on the twenty-year sentence. Thus, TDCJ did not improperly cumulate the seven-year and twenty-five year sentences, and applicant's plea agreement has not been violated.

We begin by analyzing the applicable law.

## II. ANALYSIS

### A. Article 42.08(b)[2]

Applicant contends that a stacked sentence begins to run on the date an inmate makes parole on the original offense, even if his parole is revoked before the court sentences him for the stacked offense. If applicant is correct, his seven-year stacked sentence began to run on November 12, 1993, the date he made parole on the original possession offense. The trial court ordered applicant's seven-year sentence for aggravated assault, committed while in TDCJ, to run consecutive to his twenty-year sentence for the original possession offense. The court was required to stack these sentences under Article 42.08(b), which provides:

> If a defendant is sentenced for an offense committed while the defendant was an inmate in the institutional division of the Texas Department of Criminal Justice and the defendant has not completed the sentence he was serving at the time of the offense, the judge shall order the sentence for the subsequent offense to commence immediately on completion of the sentence for the original offense.

■ In *Ex Parte Kuester*, this Court held that "completion of the sentence" in Article 42.08(b) has the same meaning as "ceases to operate" in Article 42.08(a).[3] Government Code § 508.150(b)[4] defines

2. Unless otherwise indicated, all references to Articles refer to the Code of Criminal Procedure.

3. 21 S.W.3d 264, 271 (Tex.Crim.App.2000).

4. Tex. Gov't Code § 508.150(b). This provision reads, "For the purposes of Article 42.08, Code of Criminal Procedure, the judgment and sentence of an inmate sentenced for a felony, other than the last sentence in a series of consecutive sentences, cease to operate: (1) when the actual calendar time served by the inmate equals the sentence imposed by the court; or (2) on the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single

"ceases to operate" for purposes of Article 42.08 as the date on which the original sentence is served out in actual calendar time or the date on which a parole panel approves the inmate for parole release.[5] Serving a sentence out in "actual calendar time" means serving the sentence in full, day-for-day, until discharge.[6] So the date a sentence is completed is the date it is served out in full, day-for-day, until discharge, or the date the defendant makes parole on the original offense.

Moreover, Article 42.08(b) requires a stacked sentence for the offense the defendant committed in TDCJ while serving his sentence for the original offense, if he has not completed the original sentence *at the time of sentencing for the stacked offense.* The phrase, "has not completed," is in the present perfect tense, the tense used to describe actions that began in the past and continue in the present.[7] The statute requires the sentencing court to stack the subsequent offense, committed in TDCJ, if the defendant did not complete the original sentence in the past and has not completed it in the present. The present time for purposes of Article 42.08(b) is the time of sentencing for the stacked offense.

The defendant has not completed the original sentence under Article 42.08(b), if at the time of sentencing for the stacked offense, the defendant has not served the original sentence in full, day-for-day, until discharge, or he has not made parole on the original offense. And, the defendant has not "made parole" on the original offense, if his parole is revoked prior to being sentenced for the stacked offense, because his original sentence is still in operation, as he is serving his remaining sentence.[8]

We therefore hold that, under Article 42.08(b), a stacked sentence does not begin to run on the date the defendant makes parole on the original offense if his parole is revoked before the trial court sentences the defendant for the stacked offense. Consequently, applicant's seven-year, stacked sentence for the aggravated assault did not begin to run on November 12, 1993, the date he made parole on the original possession offense, because his parole was revoked before the trial court sentenced him for the stacked offense.

### B. Voluntariness of the Plea

Applicant alleges that he agreed to a seven-year sentence for the aggravated assault offense, to begin to run on November 12, 1993, and thus it violates his plea agreement for the seven-year sentence to begin to run after November 12, 1993. Yet nothing in the record supports his allegation that the seven-year sentence must run from November 12, 1993, as part of the plea agreement. The judgment for the aggravated assault reflects that the plea bargain was confinement for seven years in TDCJ. The court also ordered pre-sentence time credit from November 12, 1993, on the seven-year sentence. But pre-sentence time credit has nothing to do with the stacking order. A person who is

sentence." *Id.* This current definition of "ceases to operate" is essentially the same as it was at the time of applicant's offense. *See id.*, formerly Article 42.18, § 8(d)(2).

5. *See Kuester,* 21 S.W.3d at 271.

6. *Id.*

7. *See* Bryan A. Garner, *A Dictionary of Modern American Usage* 645 (Oxford University Press 1998).

8. *See* Tex. Gov't Code § 508.283(b) ("If the parole ... of a person described by § 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released.").

arrested will get credit for time he spends in jail prior to bonding out,[9] but that does not mean that the date of his arrest is the date his sentence begins. Here, since the plea agreement does not include a provision relating to stacking or specify that his sentence begins to run on a specific date, applicant has failed to establish that his plea was involuntary. We reject applicant's involuntary plea claim.

### C. Cumulation of the Sentences

Applicant also alleges that TDCJ violated his plea agreement by improperly cumulating applicant's seven-year and twenty-five year sentences, and, as a result, he is being held past his mandatory supervision date. TDCJ's records, however, reflect that TDCJ properly cumulated the twenty-year and seven-year sentences, per the trial court's stacking order. We therefore reject applicant's claim that TDCJ violated his plea agreement.

Relief is denied.

WOMACK, J., concurred in the result.

9. *See* Tex.Code Crim. Proc. Art. 42.03, § 2(a).