IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-26,878-09






EX PARTE JESSE (JESUS) SOLIZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 7241 IN THE 36th DISTRICT COURT


FROM SAN PATRICIO COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and his sentence was assessed at thirty years' confinement. The Thirteenth Court of
Appeals affirmed his conviction. Soliz v. State, No. 13-88-00540-CR (Tex. Crim. App.-Corpus
Christi, delivered February 28, 1990, no pet.). 

 Applicant alleges that he has a subsequent 10 year sentence stacked on top of the sentence
in this case. Specifically, he alleges that the "subsequent cumulation of the 10-year prison sentence
should have begun running (operating) on the same date of pronouncement (April 11, 2003) because
the 30-year sentence (parole case) was not "revoked" when the trial court ordered the 10-year
sentence to run consecutively to the 30-year sentence." In support of his claim, Applicant cites to
this Court's opinion in Ex parte Wrigley, 178 SW3d 828 (2005).

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Spann, 132
S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit setting out how Applicant's cumulated sentences are being calculated and
whether they are being calculated in compliance with this Court's holding in Wrigley. The affidavit
should also indicate whether or not Applicant has submitted his claim to the time credit resolution
system of TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant's sentences are being properly calculated. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: April 20, 2011

Do not publish