02-11-018-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00018-CR

 

 


 
 
 Jose Sanchez Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 211th
District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Introduction

          Appellant
Jose Sanchez, Jr. appeals his conviction for possession of methamphetamine.[2] 
In a single point, he contends that the trial court erred by ordering his
sentence to run consecutively with another sentence for which he was currently
on parole.  We affirm.

Factual
and Procedural Background

          Appellant
was on parole for a felony drug offense committed in 1989 when he was arrested
for another one in 2010.  The parole board issued a “blue warrant,” and
Appellant remained in jail pending trial.[3]

          The
indictment charged Appellant with possessing methamphetamine, an offense which
was enhanced to a second-degree felony by the earlier conviction.

          A
jury found Appellant guilty, he pleaded true to the enhancement allegation, and
the jury assessed his punishment at ten years’ confinement and a $10,000 fine. 
The trial court sentenced Appellant accordingly and ordered him to commence
serving this sentence after he completed the sentence imposed for the 1989 offense.

Discussion

          In
a single point, Appellant argues that the trial court abused its discretion by
cumulating his ten-year sentence with his fifty-year sentence imposed for the
offense he committed and was convicted for in 1989, and for which he was
currently on parole.

          Appellant
testified that at the time of trial he was still on parole for his 1989 case. 
Although the parole division had sent him paperwork indicating its intent to
revoke parole, no hearing had yet taken place.  Appellant contends that his
parole status deprived the trial court of authority to cumulate his sentences. 
Specifically, he asserts that consecutive sentences were not permitted under
the statute because the sentence in his 1989 case had “ceased to operate” by
the time the trial court signed the stacking order in the instant case.

          Article
42.08 of the code of criminal procedure governs the manner in which trial
courts are to order consecutive sentences.  Subsection (a) addresses cases in
which the trial court, in its discretion, may stack sentences.  Subsection (b)
addresses cases in which the trial court is required to stack sentences,
specifically, cases in which the defendant commits an offense while already an
inmate in the institutional division of the Texas Department of Criminal
Justice.

          Appellant
heavily relies on two cases in which the court of criminal appeals interpreted
article 42.08(b) in the context of habeas corpus, Ex parte Kuester, 21
S.W.3d 264 (Tex. Crim. App. 2000), and Ex parte Wrigley, 178 S.W.3d 828
(Tex. Crim. App. 2005), cert. denied, 547 U.S. 1044 (2006).

          Greg
Kuester was serving a ten-year prison sentence when he struck a correctional
officer.  Kuester, 21 S.W.3d at 265.  He was convicted of aggravated
assault and sentenced to four years, which the trial court ordered to begin when
the ten-year sentence Kuester had been serving when he attacked the officer
“ceased to operate.”  Id.  The language “ceased to operate,” however,
appears only in subsection (a)—not in subsection (b).  Subsection (a) provides
that a sentence stacked under its provisions begins “when the judgment and the
sentence imposed or suspended in the preceding conviction has ceased to
operate.”  Subsection (b) provides that a stacked sentence commences “on
completion of” the sentence for the original offense.

          In
Kuester, the court of criminal appeals construed the phrase “ceased to
operate,” but limited its analysis to the question posed in that case—how to
compute time credit on stacked sentences when a prisoner is paroled on both
cases and later has both paroles revoked.  But Kuester does not lead us
to conclude that a trial court has no discretion under subsection (a) to
cumulate a new sentence on a prior one for which the defendant is currently on
parole.

          Similarly,
Wrigley is a writ case in which the applicant committed an offense while
a prison inmate.  There, the issue decided by the court of criminal appeals was
“whether an original sentence is completed and a stacked sentence begins to run
at the time the defendant makes parole on the original offense, if his parole
is revoked before the trial court sentences the defendant for the stacked
offense.”  Wrigley, 178 S.W.3d at 829.  As with Kuester, and
unlike the case now before us, the applicable stacking authority was subsection
(b)—not subsection (a).  Wrigley further differs from our case today
because Wrigley’s parole had been revoked before he was sentenced in the
stacked case.  The court of criminal appeals in Wrigley did not exceed
the scope of the complex analysis it performed given the specific facts of that
case.

          In
both Kuester and Wrigley, the court discussed section 508.150(b)
of the government code, which defines the phrase “cease to operate” for
purposes of code of criminal procedure article 42.08, as the date on which the
original sentence is served out in actual calendar time or the date the parole
panel approves the inmate for release from parole.

          The
court of criminal appeals analyzed this definition in Kuester and Wrigley
for the limited purpose of resolving issues relating to time-credit computation
on consecutive sentences.  That is not the issue here.

          The
issue here is whether the trial court abused its discretion by stacking a new
sentence onto a prior sentence for which Appellant was on parole.  That issue
has been consistently resolved contrary to Appellant’s position.

          A
trial court abuses its discretion if it imposes consecutive sentences in cases
where the law requires concurrent ones, if it imposes concurrent sentences
where the law requires consecutive ones, or if it otherwise fails to observe
statutory requirements germane to sentencing.  See Nicholas v. State, 56
S.W.3d 760, 760–65 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d.); see
also Smith v. State, 575 S.W.2d 41, 41 (Tex. Crim. App. 1979) (“Normally,
the trial judge has absolute discretion to cumulate sentences.”).

          Section
508.150(b) of the government code and the cases Appellant relies upon that
interpret that statute do not limit the trial court’s discretion to stack a new
sentence onto a prior one for which the defendant is on parole.  See Hill v.
State, 213 S.W.3d 533, 538 (Tex. App.—Texarkana 2007, no pet.) (“A trial
court has the authority to stack a new sentence onto a prior sentence for which
the defendant is then on parole.”); Wilson v. State, 854 S.W.2d 270, 273
(Tex. App.—Amarillo 1993, pet. ref’d.); Jimenez v. State, 634 S.W.2d
879, 881 (Tex. App.—San Antonio 1982, pet. ref’d.) (holding that article 42.08
authorizes stacked sentences for defendants on parole and that parole is
“essentially a constructive confinement” and not a release from the operation
of the judgment).

          Accordingly,
we hold that the trial court did not abuse its discretion by cumulating
Appellant’s sentences and that the cumulation order in this case is therefore
valid.

Conclusion

          Having
overruled Appellant’s sole point on appeal, we affirm the judgment of the trial
court.

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
GARDNER,
McCOY, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 19, 2012








 









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health
& Safety Code Ann. §§ 481.102(6), 481.115(c) (West 2010).





[3]The Texas Board of Pardons
and Paroles issues what is commonly known as a “blue warrant” to indicate the
board’s intent to revoke a person’s parole.  Here, Appellant was paroled from a
fifty-year prison sentence that was imposed after his conviction in McLennan
County’s 54th District Court on August 4, 1989, cause number 89-299-C, for aggravated
possession with intent to deliver a controlled substance.