

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-11-00018-CR

JOSE SANCHEZ JR.                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

----------

## FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## Introduction

Appellant Jose Sanchez, Jr. appeals his conviction for possession of methamphetamine.[2]  In a single point, he contends that the trial court erred by

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Health & Safety Code Ann. §§ 481.102(6), 481.115(c) (West 2010).

ordering his sentence to run consecutively with another sentence for which he was currently on parole. We affirm.

## Factual and Procedural Background

Appellant was on parole for a felony drug offense committed in 1989 when he was arrested for another one in 2010. The parole board issued a "blue warrant," and Appellant remained in jail pending trial.[3]

The indictment charged Appellant with possessing methamphetamine, an offense which was enhanced to a second-degree felony by the earlier conviction.

A jury found Appellant guilty, he pleaded true to the enhancement allegation, and the jury assessed his punishment at ten years' confinement and a $10,000 fine. The trial court sentenced Appellant accordingly and ordered him to commence serving this sentence after he completed the sentence imposed for the 1989 offense.

## Discussion

In a single point, Appellant argues that the trial court abused its discretion by cumulating his ten-year sentence with his fifty-year sentence imposed for the offense he committed and was convicted for in 1989, and for which he was currently on parole.

---

[3]The Texas Board of Pardons and Paroles issues what is commonly known as a "blue warrant" to indicate the board's intent to revoke a person's parole. Here, Appellant was paroled from a fifty-year prison sentence that was imposed after his conviction in McLennan County's 54th District Court on August 4, 1989, cause number 89-299-C, for aggravated possession with intent to deliver a controlled substance.

Appellant testified that at the time of trial he was still on parole for his 1989 case. Although the parole division had sent him paperwork indicating its intent to revoke parole, no hearing had yet taken place. Appellant contends that his parole status deprived the trial court of authority to cumulate his sentences. Specifically, he asserts that consecutive sentences were not permitted under the statute because the sentence in his 1989 case had "ceased to operate" by the time the trial court signed the stacking order in the instant case.

Article 42.08 of the code of criminal procedure governs the manner in which trial courts are to order consecutive sentences. Subsection (a) addresses cases in which the trial court, in its discretion, may stack sentences. Subsection (b) addresses cases in which the trial court is required to stack sentences, specifically, cases in which the defendant commits an offense while already an inmate in the institutional division of the Texas Department of Criminal Justice.

Appellant heavily relies on two cases in which the court of criminal appeals interpreted article 42.08(b) in the context of habeas corpus, *Ex parte Kuester*, 21 S.W.3d 264 (Tex. Crim. App. 2000), and *Ex parte Wrigley*, 178 S.W.3d 828 (Tex. Crim. App. 2005), *cert. denied*, 547 U.S. 1044 (2006).

Greg Kuester was serving a ten-year prison sentence when he struck a correctional officer. *Kuester*, 21 S.W.3d at 265. He was convicted of aggravated assault and sentenced to four years, which the trial court ordered to begin when the ten-year sentence Kuester had been serving when he attacked the officer "ceased to operate." *Id.* The language "ceased to operate," however, appears

3

only in subsection (a)—not in subsection (b). Subsection (a) provides that a sentence stacked under its provisions begins "when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate." Subsection (b) provides that a stacked sentence commences "on completion of" the sentence for the original offense.

In *Kuester*, the court of criminal appeals construed the phrase "ceased to operate," but limited its analysis to the question posed in that case—how to compute time credit on stacked sentences when a prisoner is paroled on both cases and later has both paroles revoked. But *Kuester* does not lead us to conclude that a trial court has no discretion under subsection (a) to cumulate a new sentence on a prior one for which the defendant is currently on parole.

Similarly, *Wrigley* is a writ case in which the applicant committed an offense while a prison inmate. There, the issue decided by the court of criminal appeals was "whether an original sentence is completed and a stacked sentence begins to run at the time the defendant makes parole on the original offense, if his parole is revoked before the trial court sentences the defendant for the stacked offense." *Wrigley*, 178 S.W.3d at 829. As with *Kuester*, and unlike the case now before us, the applicable stacking authority was subsection (b)—not subsection (a). *Wrigley* further differs from our case today because Wrigley's parole had been revoked before he was sentenced in the stacked case. The court of criminal appeals in *Wrigley* did not exceed the scope of the complex analysis it performed given the specific facts of that case.

4

In both *Kuester* and *Wrigley*, the court discussed section 508.150(b) of the government code, which defines the phrase "cease to operate" for purposes of code of criminal procedure article 42.08, as the date on which the original sentence is served out in actual calendar time or the date the parole panel approves the inmate for release from parole.

The court of criminal appeals analyzed this definition in *Kuester* and *Wrigley* for the limited purpose of resolving issues relating to time-credit computation on consecutive sentences. That is not the issue here.

The issue here is whether the trial court abused its discretion by stacking a new sentence onto a prior sentence for which Appellant was on parole. That issue has been consistently resolved contrary to Appellant's position.

A trial court abuses its discretion if it imposes consecutive sentences in cases where the law requires concurrent ones, if it imposes concurrent sentences where the law requires consecutive ones, or if it otherwise fails to observe statutory requirements germane to sentencing. *See Nicholas v. State*, 56 S.W.3d 760, 760–65 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd.); *see also Smith v. State*, 575 S.W.2d 41, 41 (Tex. Crim. App. 1979) ("Normally, the trial judge has absolute discretion to cumulate sentences.").

Section 508.150(b) of the government code and the cases Appellant relies upon that interpret that statute do not limit the trial court's discretion to stack a new sentence onto a prior one for which the defendant is on parole. *See Hill v. State*, 213 S.W.3d 533, 538 (Tex. App.—Texarkana 2007, no pet.) ("A trial court

5

has the authority to stack a new sentence onto a prior sentence for which the defendant is then on parole."); *Wilson v. State*, 854 S.W.2d 270, 273 (Tex. App.—Amarillo 1993, pet. ref'd.); *Jimenez v. State*, 634 S.W.2d 879, 881 (Tex. App.—San Antonio 1982, pet. ref'd.) (holding that article 42.08 authorizes stacked sentences for defendants on parole and that parole is "essentially a constructive confinement" and not a release from the operation of the judgment).

Accordingly, we hold that the trial court did not abuse its discretion by cumulating Appellant's sentences and that the cumulation order in this case is therefore valid.

## Conclusion

Having overruled Appellant's sole point on appeal, we affirm the judgment of the trial court.

> LEE GABRIEL
> JUSTICE

PANEL: GARDNER, McCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 19, 2012