PD-0213-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/23/2015 9:32:27 AM
Accepted 2/26/2015 1:16:37 PM
ABEL ACOSTA
CLERK

PD-0213-15

NO. _____

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

# THOMAS LEON BYRD

## v.

# THE STATE OF TEXAS

---

From the Waco Court of Appeals
Cause No. 10-13-00381-CR

## APPELLANT THOMAS LEON BYRD'S
## PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

February 26, 2015

ABEL ACOSTA, CLERK

**E. Alan Bennett**
State Bar #02140700
Counsel for Appellant

Sheehy, Lovelace & Mayfield, P.C.
510 N. Valley Mills Dr., Ste. 500
Waco, Texas 76710
Telephone: (254) 772-8022
Telecopier: (254) 772-9297
Email: abennett@slmpc.com

## ORAL ARGUMENT REQUESTED

# Identity of Judge, Parties and Counsel

Appellant, pursuant to Rule of Appellate Procedure 68.4(a), provides the following list of the trial court judge, all parties to the trial court's judgment, and the names and addresses of all trial and appellate counsel.

**THE TRIAL COURT:**

| | |
|---|---|
| Hon. Matt Johnson<br>54th District Court, McLennan County<br>501 Washington Avenue, Suite 305<br>Waco, Texas 76701 | Trial Court Judge |

**THE DEFENSE:**

| | |
|---|---|
| Thomas Leon Byrd | Appellant |
| Thomas Clayton West<br>4125 West Waco Drive<br>Waco, Texas 76710 | Trial Counsel |
| Danny Leon Stokes, Jr.<br>801 Washington Avenue, Suite 600<br>Waco, Texas 76701 | |
| E. Alan Bennett<br>510 North Valley Mills Drive, Suite 500<br>Waco, Texas  76710 | Appellate Counsel |

**THE STATE:**

Landon Wade Ramsay                                        Trial Counsel
Evan Miles O'Donnell
Assistant Criminal District Attorneys

Sterling Alan Harmon                                      Appellate Counsel
Assistant Criminal District Attorney

Abelino Reyna
Criminal District Attorney
McLennan County District Attorney's Office
219 North 6th Street, Suite 200
Waco, Texas  76701

# Table of Contents

Identity of Judge, Parties and Counsel ............................................................2

Table of Contents ...............................................................................................4

Index of Authorities...........................................................................................5

Statement Regarding Oral Argument...............................................................7

Statement of the Case ........................................................................................7

Statement of Procedural History .....................................................................8

Grounds for Review............................................................................................8

Reasons for Granting Review............................................................................9

Argument ...........................................................................................................10

    1.    Whether the prejudice standard for ineffective-assistance claims related to *Batson* challenges should be reconsidered in light of the Supreme Court's decision in *Lafler v. Cooper*...............................................10

    2.    Whether a trial court may order a sentence to run consecutively with a future parole revocation...............................................................18

Prayer..................................................................................................................25

Certificate of Compliance ................................................................................26

Certificate of Service ........................................................................................26

Appendix.............................................................................................................27

# Index of Authorities

## Federal Cases

*Cooper v. Lafler*, 376 F. App'x 563 (6th Cir. 2010) ...............................................12

*Drain v. Woods*, No. 12-2571, 2014 WL 7398899 (6th Cir. Dec. 31, 2014)........16

*Kimmelman v. Morrison*, 477 U.S. 365 (1986) ......................................................13

*Lafler v. Cooper*, 132 S.Ct. 1376 (2012) ...................................................... 12, 13, 14

*Missouri v. Frye*, 132 S.Ct. 1399 (2012)................................................................13

*Strickland v. Washington*, 466 U.S. 668 (1984) ....................................... 10, 11, 14

## Texas Cases

*Barela v. State*, 180 S.W.3d 145 (Tex. Crim. App. 2005) ...................................19

*Batiste v. State*, 834 S.W.2d 460 (Tex. App.—Houston [14th Dist.] 1992) ......12

*Batiste v. State*, 888 S.W.2d 9 (Tex. Crim. App. 1994) ............................... 11, 12

*Belcher v. State*, 93 S.W.3d 593 (Tex. App.—Houston [14th Dist.] 2002, pet. dism'd) .................................................................................................................15

*Bollman v. State*, No. 02-08-061-CR, 2009 WL 161032 (Tex. App.—Fort Worth Jan. 22, 2009, no pet.) (per curiam) (mem. op., not designated for publication) .......................................................................................... 19, 21

*Carpenter v. State*, 828 S.W.2d 441 (Tex. App.—Austin 1992, no pet.) ...........22

*Ex parte Cockrell*, 424 S.W.3d 543 (Tex. Crim. App. 2014)................................14

*Ex parte Niswanger*, 335 S.W.3d 611 (Tex. Crim. App. 2011) ..........................11

*Ex parte Sublett*, No. AP-76945, 2013 WL 105178 (Tex. Crim. App. Jan. 9, 2013) ...............................................................................................................15

*Ex parte Wrigley*, 178 S.W.3d 828 (Tex. Crim. App. 2005)..........................20, 21

*Hill v. State*, 213 S.W.3d 533 (Tex. App.—Texarkana 2007, no pet.) ..............22

*Jimenez v. State*, 634 S.W.2d 879 (Tex. App.—San Antonio 1982, pet. ref'd).22

*McGown v. State*, No. 10-12-092-CR, 2013 WL 5494676 (Tex. App.—Waco Sept. 26, 2013, pet. ref'd) (mem. op., not designated for publication) ..........22

*Wilson v. State*, 854 S.W.2d 270 (Tex. App.—Amarillo 1993, pet. ref'd)........22

## Texas Statutes

TEX. CODE CRIM. PROC. art. 42.08(a) ....................................................................19

TEX. GOV'T CODE § 508.150(b) ...........................................................................20

## Rules

TEX. R. APP. P. 47.1......................................................................................................22

TEX. R. APP. P. 66.3 ........................................................................ 9, 17, 23, 24

## Treatises

42 GEORGE E. DIX. & JOHN M. SCHMOLESKY, TEXAS PRACTICE SERIES: CRIMINAL PRACTICE AND PROCEDURE § 29:78 (3d ed. 2011) ..............................................15

## Rules

Justin F. Marceau, *Embraicing a New Era of Ineffective Assistance of Counsel*, 14 U PA. J. CONST. L. 1161 (2012) ..........................................................................16

## Statement Regarding Oral Argument

Oral argument will aid the decisional process. By granting oral argument, counsel may answer questions posed by the judges regarding the traditional *Strickland* test for ineffective assistance of counsel and the extent to which it has been modified by the Supreme Court's more recent decision in *Lafler*. In addition, oral argument would allow counsel to answer questions regarding the controlling statutes regarding parole and how they impact a trial court's attempt to order consecutive sentences for a defendant currently on parole. For these reasons and to address any other issues, Appellant respectfully requests the opportunity to appear and present oral argument.

## Statement of the Case

A jury convicted Appellant under a 3-count indictment for: (1) possession of cocaine; (2) possession of methamphetamine; and (3) evading arrest or detention with a prior evading conviction. Appellant pleaded "true" to enhancement and habitual allegations. The jury assessed his punishment at 80 years' imprisonment on the first count and 20 years' imprisonment on the other counts. The trial court sentenced Appellant in accordance with the verdict.

## Statement of Procedural History

The Waco Court of Appeals affirmed Appellant's conviction in a unanimous opinion authored by Justice Davis that was handed down January 22, 2015. No motion for rehearing was filed.

## Grounds for Review

1. Whether the prejudice standard for ineffective-assistance claims related to Batson challenges should be reconsidered in light of the Supreme Court's decision in *Lafler v. Cooper*.

2. Whether a trial court may order a sentence to run consecutively with a future parole revocation.

# Reasons for Granting Review

The Court should grant discretionary review in this appeal because the Waco Court of Appeals: (1) has issued a decision that conflicts with another court of appeals' decision; (2) has decided important questions of state and federal law that have not been, but should be, settled by this Court; (3) has decided important questions of state and federal law in a way that conflicts with the applicable decisions of this Court and of the Supreme Court of the United States; (4) has misconstrued article 42.08(a) of the Code of Criminal Procedure and section 508.150 of the Government Code; and (5) has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of this Court's power of supervision. TEX. R. APP. P. 66.3.

## Argument

1.  **Whether the prejudice standard for ineffective-assistance claims related to *Batson* challenges should be reconsidered in light of the Supreme Court's decision in *Lafler v. Cooper*.**

Appellant asserted before the court of appeals that he received ineffective assistance of trial counsel due to counsel's failure to timely raise a *Batson* challenge. That court assumed that *Batson* error was established but relied on this Court's decision in *Batiste* to hold that Appellant had failed to show prejudice because he failed to show that any of the improperly struck jurors would have voted to acquit. The court of appeals thus rejected Appellant's assertion that prejudice may be established by other means. In *Lafler*, the Supreme Court of the United States adopted a more expansive prejudice standard. *Batiste* and similar cases should be reconsidered in light of *Lafler*.

**The *Strickland* Standard**

The Sixth Amendment right to counsel includes a right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). An appellant claiming ineffective assistance must first establish that trial

counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Ex parte Niswanger*, 335 S.W.3d 611, 615 (Tex. Crim. App. 2011). Next, the appellant "must demonstrate that he was prejudiced by his attorney's performance." *Niswanger*, 335 S.W.3d at 615 (quoting *Strickland*, 466 U.S. at 694). According to *Strickland*, an appellant establishes prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

**This Court Held in *Batiste* That Some Showing of Prejudice is Required**

Consistent with *Strickland*, this Court held that a defendant must show prejudice to prevail on an ineffective-assistance claim premised on counsel's failure to pursue a timely *Batson* challenge. *Batiste v. State*, 888 S.W.2d 9, 17 (Tex. Crim. App. 1994). However, the Court did not address precisely what that showing should be. In so doing, the Court perhaps tacitly approved the prejudice standard adopted by the Fourteenth Court, namely, "Appellant must prove that the black jurors struck, merely by virtue of their skin color, would have rendered a different verdict." *Batiste*

*v. State*, 834 S.W.2d 460, 466 (Tex. App.—Houston [14th Dist.] 1992), *aff'd*, 888 S.W.2d 9 (Tex. Crim. App. 1994). But this Court did not expressly adopt this standard.

### *Lafler* Modified the Formula for Determining Prejudice

In *Lafler*, the Supreme Court addressed the appropriate standard for determining prejudice when a defendant received ineffective assistance of trial counsel due to counsel's provision of incorrect legal advice which caused the defendant to reject a plea offer. *See Lafler v. Cooper*, 132 S.Ct. 1376, 1383 (2012). The Sixth Circuit held that Cooper was prejudiced because counsel's incorrect advice caused him to "los[e] out on an opportunity to plead guilty and receive the lower sentence that was offered to him." *Cooper v. Lafler*, 376 F. App'x 563, 573 (6th Cir. 2010).

Before the Supreme Court, the State of Michigan argued that: (1) the "sole purpose" of the Sixth Amendment right to effective assistance of counsel "is to protect the right to a fair trial [on the merits]" without regard to errors that occur before trial; *Lafler*, 132 S.Ct. at 1385; (2) a defendant cannot prevail on an ineffective assistance claim without showing that it resulted in "his being denied a substantive or procedural right"; *Id.* at 1386; and (3) the right to effective assistance of counsel is designed "to ensure

'the reliability of [a] conviction following trial.'" *Id.* at 1387. The Supreme Court rejected each of these assertions.

> "The constitutional rights of criminal defendants," the Court observed, "are granted to the innocent and the guilty alike. Consequently, we decline to hold either that the guarantee of effective assistance of counsel belongs solely to the innocent or that it attaches only to matters affecting the determination of actual guilt." The same logic applies here. The fact that respondent is guilty does not mean he was not entitled by the Sixth Amendment to effective assistance or that he suffered no prejudice from his attorney's deficient performance during plea bargaining.

*Id.* at 1388 (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 380 (1986)) (citation omitted). Or as the Court observed in a companion case issued the same day, "[I]t is insufficient simply to point to the guarantee of a fair trial as a backstop that inoculates any errors in the pretrial process." *Missouri v. Frye*, 132 S.Ct. 1399, 1407 (2012).

Several lessons may be drawn from *Lafler* and *Frye*. First, ineffective assistance claims may be raised with regard to deficient representation by trial counsel with regard to pretrial matters. Second, the fact that the defendant ultimately received a trial on the merits that was not otherwise impacted by counsel's deficient performance does not preclude a finding of

prejudice. And third, the fact that the defendant is in fact guilty does not preclude a finding of prejudice.

**This Court Has Modified the Prejudice Standard in Response to *Lafler***

Last year in *Ex parte Cockrell*, this Court revisited the prejudice standard in a case in which a severely hearing-impaired defendant claimed he received ineffective assistance of counsel due to counsel's failure to request an interpreter. *Ex parte Cockrell*, 424 S.W.3d 543, 543 (Tex. Crim. App. 2014). The Court concluded that Cockrell suffered prejudice because he "could not understand a substantial portion of the proceedings at his jury trial, and, therefore, could not adequately participate in his own defense during trial." *Id.* at 555.

> We hold that, by failing to assert applicant's rights to an interpreter to ensure that he could understand the testifying witnesses and participate in his own defense during a substantial portion of the trial, the result of this proceeding is unreliable because of "a breakdown in the adversarial process that our system counts on to produce just results."

*Id.* at 557 (quoting *Strickland*, 466 U.S. at 696) (citing *Lafler*, 132 S.Ct. at 1388-89).

**There are Other Recognized Prejudice Standards Besides the Outcome-Focused Approach**

Professors Dix and Schmolesky have suggested that the requisite prejudice may be shown where trial counsel's deficient performance "deprived the defendant of an important procedural opportunity." 42 GEORGE E. DIX. & JOHN M. SCHMOLESKY, TEXAS PRACTICE SERIES: CRIMINAL PRACTICE AND PROCEDURE § 29:78 (3d ed. 2011).

Thus, the Fourteenth Court has found prejudice where defense counsel failed to properly calculate the deadline for filing a motion for new trial. *See Belcher v. State*, 93 S.W.3d 593, 600 (Tex. App.—Houston [14th Dist.] 2002, pet. dism'd).

This Court regularly finds prejudice where a defendant is deprived of the right to appeal due to ineffective assistance of counsel. In such cases, the Court grants an out-of-time appeal without regard to the potential merits of the appeal because the defendant has been deprived of his right to appeal. *See, e.g., Ex parte Sublett*, No. AP-76945, 2013 WL 105178 (Tex. Crim. App. Jan. 9, 2013).

Following *Lafler*, the Sixth Circuit has concluded that a defendant is prejudiced if his trial counsel fails to adequately preserve a *Batson*

challenge. That court recognized that, if the *Batson* challenge had been properly asserted, the trial court would have been required to summon a different venire. *Drain v. Woods*, No. 12-2571, 2014 WL 7398899, at *23 (6th Cir. Dec. 31, 2014). Thus, the court concluded that the defendant was prejudiced because counsel's deficient performance was an "error that infect[ed] the entire trial with an unconstitutional taint." *Id.*

Other commentators have likewise agreed that *Lafler* changes the calculus with regard to the prejudice determination when trial counsel failed to timely or properly assert a *Batson* challenge. *See, e.g.*, Justin F. Marceau, *Embracing a New Era of Ineffective Assistance of Counsel*, 14 U PA. J. CONST. L. 1161, 1193-99 (2012).

**This Court Should Address the Extent to Which *Lafler* Has Altered the Prejudice Analysis in Cases in Which Defense Counsel Failed to Properly Assert a *Batson* Challenge**

At a minimum, the Supreme Court's decision in *Lafler* calls into question what showing of prejudice a defendant must make when the record establishes that his trial counsel failed to properly raise a *Batson* challenge. Other courts and commentators have concluded that prejudice is shown by the trial court's failure to impanel a different venire (which is the remedy mandated by article 35.261(b) of the Code of Criminal Procedure

for *Batson* violations). This Court should grant review and determine the extent to which *Lafler* has modified the prejudice standard in such cases.

**The Court Should Grant Review on This Issue**

The Court should grant review of this issue for two of the reasons listed in Rule 66.3. *See* TEX. R. APP. P. 66.3.

The Waco Court has effectively decided an important question of federal law that has not been, but should be, settled by this Court, namely whether *Lafler* has modified the prejudice standard for ineffective-assistance claims related to *Batson* challenges. *Id.* 66.3(b).

The Waco Court's decision conflicts with the applicable decisions of the Supreme Court of the United States, namely *Lafler* and *Frye*. *Id.* 66.3(c).

For both reasons, this Court should grant this ground for discretionary review.

**2. Whether a trial court may order a sentence to run consecutively with a future parole revocation.**

At the request of the State's attorney, the trial court ordered Appellant's sentences in this case to run consecutively with a 2008 sentence for which he was on parole at the time of the offenses. There is no evidence in the record that Appellant's parole had been revoked at the time of sentencing. Thus, the cumulation provisions effectively ordered Appellant's current sentences to run consecutively with some future sentence. Instead of addressing the merits of Appellant's challenge, the Waco Court merely observed that appellate courts have previously affirmed similar orders. Thus, the Waco Court failed to fully address the issue raised, which was necessary for a final disposition of the appeal.

**Article 42.08(a) Governs Consecutive Sentences**

Article 42.08(a) of the Code of Criminal Procedure provides in pertinent part:

> When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence

imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly.

TEX. CODE CRIM. PROC. art. 42.08(a).

The record must contain some evidence regarding the prior conviction and evidence connecting the defendant to that conviction to support a cumulation order. *Barela v. State*, 180 S.W.3d 145, 148 (Tex. Crim. App. 2005).

The statute does not authorize a trial court to order a sentence to run consecutively with a sentence that the defendant may begin serving at some unknown point in the future. *Bollman v. State*, No. 02-08-061-CR, 2009 WL 161032, at *5 (Tex. App.—Fort Worth Jan. 22, 2009, no pet.) (per curiam) (mem. op., not designated for publication).

**Section 508.150 of the Government Code Addresses When a Sentence Ceases to Operate for Purposes of Consecutive Sentences**

Section 508.150(b) provides:

For the purposes of Article 42.08, Code of Criminal Procedure, the judgment and sentence of an inmate sentenced for a felony, other than the last sentence in a series of consecutive sentences, cease to operate:

(1) when the actual calendar time served by the inmate equals the sentence imposed by the court; or

(2) on the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence.

TEX. GOV'T CODE § 508.150(b).

This Court has construed section 508.150(b) to mean a defendant's sentence "ceases to operate" under article 42.08(a) when the defendant is released on parole. *Ex parte Wrigley*, 178 S.W.3d 828, 830-31 (Tex. Crim. App. 2005).

**The San Antonio Court Approved the Stacking of a New Sentence on a Future Parole Revocation**

In *Jimenez*, the San Antonio court held that a cumulation order like the one at issue in the present case was proper because "[p]arole is essentially a constructive confinement. Release from prison for rehabilitation purposes does not mean release from the operation of the judgment and sentence in that cause." *Jimenez v. State*, 634 S.W.2d 879, 881 (Tex. App.—San Antonio 1982, pet. ref'd).[1]

---

[1] This interpretation appears to be in conflict with this Court's holding in *Wrigley*.

However, this does not adequately or correctly resolve the issue. Under section 508.150(b), the sentence of a defendant on parole has already ceased to operate. Thus, a subsequent sentence for such a defendant cannot be "stacked" on the sentence for which a defendant has been released on parole unless or until his parole is revoked. *Cf. Wrigley*, 178 S.W.3d at 830-31 (sentence of defendant who was on parole could not be ordered to commence from date he was released on parole because defendant must be actually serving sentence at time of "subsequent" sentence for court to order consecutive sentences).[2]

Therefore, when article 42.08(a), section 508.150(b) and *Wrigley* are read together, Appellant contends that a trial court cannot order consecutive sentences for a defendant who was on parole at the time of the offense unless: (1) his parole has been revoked before sentencing; and (2) the State presents some evidence that his parole was revoked. *Cf. Bollman*, 2009 WL 161032, at *5 (sentence cannot be ordered to run consecutively "with sentences he may receive in the future").

---

[2]    In *Wrigley*, the defendant's sentence was ordered to run from the date his parole was revoked (which occurred *before* he was sentenced in the new case). *See Ex parte Wrigley*, 178 S.W.3d 828, 831 (Tex. Crim. App. 2005).  This Court thus rejected the defendant's contention that his sentence should be "back-dated" to the date he had been released on parole.

Notwithstanding these authorities, the Waco Court and others have followed *Jimenez* though none of them has addressed the merits of the complaint raised by Appellant. *See, e.g., McGown v. State*, No. 10-12-092-CR, 2013 WL 5494676, at *9 (Tex. App.—Waco Sept. 26, 2013, pet. ref'd) (mem. op., not designated for publication); *Hill v. State*, 213 S.W.3d 533, 538 (Tex. App.—Texarkana 2007, no pet.) ("A trial court has the authority to stack a new sentence onto a prior sentence for which the defendant is then on parole.").

The Texarkana Court cited other decisions that have reached similar conclusions, but none of them explained how a trial court can order a sentence to run consecutively with a sentence that has not (and may not) be imposed (if parole is not revoked). *See id.* (citing *Wilson v. State*, 854 S.W.2d 270, 273 (Tex. App.—Amarillo 1993, pet. ref'd); *Carpenter v. State*, 828 S.W.2d 441, 442 (Tex. App.—Austin 1992, no pet.); *Jimenez*, 634 S.W.2d at 881–82).

**The Waco Court Failed to Address the Merits of Appellant's Complaint**

Under Rule of Appellate Procedure 47.1, an appellate court must address "every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1.

The Waco Court purported to address the issue Appellant raised, but as explained the Waco Court failed to address the merits of the issue presented, which had not been addressed in *McGown* or any of the other cases cited.

As can be seen from the cited cases, trial courts regularly order sentences to run consecutively with sentences for which a defendant is on parole. But that does not mean that this practice is proper under the law. This Court should grant review of this issue to determine whether a trial court may do so in the absence of evidence that the defendant's parole has been revoked.

**The Court Should Grant Review**

The Court should grant review of this issue for most of the reasons listed in Rule 66.3.  *See* TEX. R. APP. P. 66.3.

The Waco Court's decision appears to conflict with the decision of the Fort Worth Court in *Bollman*; *Id.* 66.3(a).

The issue of whether a sentence may be ordered to run consecutively with a sentence for which the defendant is on parole constitutes an important question of state law that has not been, but should be, settled by this Court.  *Id.* 66.3(b).

The Waco Court's decision appears to conflict with the applicable decisions of this Court, namely, *Wrigley. Id.* 66.3(c).

The Waco Court's decision appears to be based on that court's improper construction of article 42.08 and section 508.150. *Id.* 66.3(d).

The Waco Court's decision so far departs from the accepted and usual course of judicial proceedings as to call for an exercise of this Court's power of supervision, particularly insofar as the Waco Court failed to address the merits of the complaint. *Id.* 66.3(f).

For each of these reasons, this Court should grant this ground for discretionary review.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Appellant Thomas Leon Byrd asks the Court to: (1) grant review on the issues presented in this petition for discretionary review; and (2) grant such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

_/s/ Alan Bennett_
E. Alan Bennett
SBOT #02140700
Counsel for Appellant

Sheehy, Lovelace & Mayfield, P.C.
510 N. Valley Mills Dr., Ste. 500
Waco, Texas 76710
Telephone: (254) 772-8022
Fax: (254) 772-9297
Email: abennett@slmpc.com

## Certificate of Compliance

The undersigned hereby certifies, pursuant to Rule of Appellate Procedure 9.4(i)(3), that this computer-generated document contains 4,071 words.

_/s/ Alan Bennett_
E. Alan Bennett

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of this brief was served electronically on February 23, 2015 to: (1) counsel for the State, Sterling Harmon, sterling.harmon@co.mclennan.tx.us; and (2) the State Prosecuting Attorney, lisa.mcminn@SPA.texas.gov.

_/s/ Alan Bennett_
E. Alan Bennett

# Appendix

Opinion of Waco Court of Appeals:

> *Byrd v. State*, No. 10-13-00381-CR, 2015 WL 294674 (Tex. App.—Waco Jan. 22, 2015, pet. filed)



# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00381-CR

**THOMAS LEON BYRD,**

                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                    **Appellee**


**From the 54th District Court
McLennan County, Texas
Trial Court No. 2012-1658-C2**


## MEMORANDUM  OPINION


A jury found Appellant Thomas Leon Byrd guilty on a three-count indictment of possession of cocaine in an amount of one gram or more but less than four grams, possession of less than one gram of methamphetamine, and evading arrest or detention with a prior evading conviction.  Byrd pleaded true to the enhancement and habitual allegations, and the jury assessed punishment at eighty years, twenty years, and twenty years, respectively.  The trial court ordered the sentences to run consecutively with a sentence for which Byrd was on parole at the time of these three offenses.

Byrd filed a motion for new trial alleging that his trial attorney was ineffective for failing to make a timely *Batson* challenge and that the order for consecutive sentences was an Eighth Amendment violation. After a hearing, the trial court denied the motion for new trial. Byrd appeals, raising three issues. We will affirm.

In his first issue, Byrd contends that he received ineffective assistance of counsel because his trial attorney failed to make a timely *Batson* challenge. Because Bird presented his ineffective-assistance claim to the trial court in his motion for new trial, his first issue is actually a challenge to the trial court's denial of his motion for new trial, which we review for an abuse of discretion. *Bates v. State,* 88 S.W.3d 724, 727-28 (Tex. App.—Tyler 2002, pet. ref'd).

To prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) trial counsel's representation fell below an objective standard of reasonableness, based on the prevailing professional norms; and (2) there is a reasonable probability that, but for trial counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-95, 104 S.Ct. 2052, 2064-69 (1984); *Dewberry v. State*, 4 S.W.3d 735, 737 (Tex. Crim. App. 1999). The defendant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

We assume without deciding that, with respect to the *Batson* preservation issue, Byrd established the first prong at the new-trial hearing. Therefore, we turn to the second prong, also known as the prejudice prong. *See Perez v. State,* 310 S.W.3d 890,

892-93 (Tex. Crim. App. 2010); *Batiste v. State,* 888 S.W.2d 9, 14-15 (Tex. Crim. App. 1994).

If a defendant prevails on a *Batson* issue on appeal, he is entitled to a new trial. *Kassem v. State,* 263 S.W.3d 377, 382 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *Whitsey v. State,* 796 S.W.2d 707, 716 (Tex. Crim. App. 1989) (plurality op.)). But in the context of an ineffective-assistance claim for failure to timely make a *Batson* challenge, a defendant must show prejudice. *Batiste,* 888 S.W.2d at 15. In other words, the defendant must show that there is a reasonable probability that the result of the proceeding would have been different; *i.e.,* that one or more of the improperly struck jurors would have rendered a different verdict. *See Batiste v. State,* 834 S.W.2d 460, 466 (Tex. App.—Houston [14th Dist.] 1992), *aff'd,* 888 S.W.2d 9 (Tex. Crim. App. 1994). Byrd presented no such evidence, nor did he present evidence that, because of his trial counsel's untimely *Batson* challenge, he was forced to accept an objectionable juror or that the selected jury was incapable of providing the impartial tribunal necessary to ensure the proper functioning of the adversarial system. *See Butler v. State,* No. 02-02-00304-CR, 2003 WL 21983262, at *4-5 (Tex. App.—Fort Worth Aug. 21, 2003, pet. ref'd) (mem. op., not designated for publication) (citing *Batiste,* 888 S.W.2d at 17). And *Batson* itself tolerates no assumptions about juror competence or impartiality on account of race. *Batiste,* 888 S.W.2d at 16; *see also Butler,* 2003 WL 21983262, at *4.

For these reasons, the trial court did not abuse its discretion in denying Byrd's motion for new trial on ineffective assistance of counsel, and we overrule his first issue.

We next turn to Byrd's third issue, which asserts that the trial court's imposition of consecutive sentences without explanation or reasons violates the Eighth Amendment.  The Court of Criminal Appeals, however, has settled that issue adversely to Byrd:  "a trial judge's decision to cumulate under Texas Code of Criminal Procedure, Article 42.08(a), is 'a normative, discretionary function that does not turn on discrete findings of fact.'  As a result, when a trial judge lawfully exercises the option to cumulate, that decision is unassailable on appeal."  *Beedy v. State,* 250 S.W.3d 107, 110 (Tex. Crim. App. 2008) (quoting and citing *Barrow v. State,* 207 S.W.3d 377, 380-81 (Tex. Crim. App. 2006)).  Therefore, we overrule issue three.

We conclude with Byrd's second issue, which asserts that the trial court impermissibly ordered Byrd's sentences in this case to run consecutively with a 2008 sentence for which he was on parole at the time of the offenses in this case.

The record reflects that on July 8, 2008, Byrd was convicted of the offense of possession of a controlled substance (cocaine) with intent to deliver in case no. 2007-1823-CR in the 19th District Court of McLennan County.  He was sentenced to fifteen years' imprisonment, and from the record it is clear that Byrd was on parole when the instant offenses were committed.  After the trial court imposed Byrd's sentences, the State requested that the trial court order them to run "consecutive to his parole."  The trial court agreed, and each of Byrd's judgments of conviction states:  "The Court ORDERS that the sentence in this conviction shall run consecutively and shall begin only when the judgment and sentence in the following case has ceased to operate:  2007-1823-CR."

Byrd argues that, because there is no evidence Byrd's parole had been revoked, the trial court's cumulation order impermissibly ordered Byrd's sentences to run consecutively with some future sentence. *See, e.g., Bollman v. State,* No. 02-08-00061-CR, 2009 WL 161032, at *5 (Tex. App.—Fort Worth Jan. 22, 2009, no pet.) (mem. op., not designated for publication). But irrespective of parole revocation, we and other courts have held that a trial court may stack a new sentence on a prior sentence for which the defendant is on parole. *McGown v. State,* No. 10-12-00092-CR, 2013 WL 5494676, at *9 (Tex. App.—Waco Sept. 26, 2013, pet. ref'd) (mem. op., not designated for publication) (citing *Hill v. State,* 213 S.W.3d 533, 538 (Tex. App.—Texarkana 2007, no pet.); *Wilson v. State,* 854 S.W.2d 270, 273 (Tex. App.—Amarillo 1993, pet. ref'd); *Jimenez v. State,* 634 S.W.2d 879, 881-82 (Tex. App.—San Antonio 1982, pet. ref'd); and *Sanchez v. State,* No. 02-11-00018-CR, 2012 WL 171295, at *2-3 (Tex. App.—Fort Worth Jan. 19, 2012, no pet.) (mem. op., not designated for publication). We decline to depart from that precedent and overrule Byrd's second issue. Having overruled Byrd's three issues, we affirm the trial court's judgments on each count.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed January 22, 2015
Do not publish
[CRPM]

